IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMON BROWN | Magistrate No. 24-173 |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Special Agent Ryan P. O'Sullivan, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Pittsburgh Field Office, Group II. I have been employed as an ATF Special Agent since September of 2015. While at the ATF National Academy, I received extensive training in investigating federal firearms, arson, explosives, and narcotics related violations, conducting surveillance, establishing probable cause, and executing search and arrest warrants.

2. As an ATF Special Agent, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3. As an ATF Special Agent, I am responsible for enforcing Federal criminal statutes and am authorized to serve arrest and search warrants under the authority of the United States. I have participated in numerous federal and state search warrants related to firearms, arson, explosives and narcotics violations, and I have assisted in the writing of affidavits to this effect.

4. I have participated in criminal investigations with ATF as well as other federal, state and local law enforcement agencies relating to violations of various federal laws. I have been involved in firearms and narcotics-related arrests and the execution of search warrants and arrest warrants, which resulted in the seizure of firearms and narcotics and have assisted in the supervision of activities of confidential informants who provided information and assistance resulting in controlled purchases of firearms and narcotics.

5. The following allegations are based on an investigation in which I participated firsthand, and therefore are based on my firsthand knowledge as well as information provided to me by other agents, law enforcement personnel, and/or witnesses. This affidavit is submitted for the limited purpose of establishing probable cause of a violation of 18 U.S.C. § 922(g)(1). Accordingly, it does not include every fact known to me in connection with this investigation.

6. On January 31, 2024, I applied for search warrants for the premises located at 5250 Wolfe Drive, Unit 4, Pittsburgh, PA 14236 (TARGET RESIDENCE) and the person of Raymon Darnell Brown (BROWN). On that same day, the Honorable Patricia L. Dodge, United States Magistrate Judge for the Western District of Pennsylvania, issued the warrants; the warrants and affidavit in support thereof were filed at Magistrate No. 24-162 and -163.

7. In connection with this investigation, I have reviewed BROWN's criminal history, which includes the following felony convictions in the Allegheny County Court of Common Pleas:

    a. On April 30, 2014, in the Allegheny County Court of Common Pleas, under docket number CP-02-CR-0005814-2014, BROWN was convicted on one count of (F) Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver by a

      negotiated guilty plea. BROWN was sentenced to 90 days of confinement and two years of probation.

    b. On May 24, 2016, in the Allegheny County Court of Common Pleas, under docket number CP-02-CR-0011363-2015, BROWN was convicted on one count of (F3) Fleeing or Attempting to Elude Officer by a negotiated guilty plea. BROWN was sentenced to 6-12 months of confinement and two years of probation.

    c. On May 24, 2016, in the Allegheny County Court of Common Pleas, under docket number CP-02-CR-0015227-2015, BROWN was convicted on two counts of (F3) Acc Involving Death/Injury-Not Properly Licensed by a negotiated guilty plea, as well as one count of (F) Receiving Stolen Property. BROWN was sentenced to 3-12 months of confinement and two years of probation.

8. I am aware that the above-described offenses are all punishable by more than one year of incarceration. Furthermore, given the number of times BROWN has been convicted of felony offenses, I believe he is aware that he has previously been convicted of an offense punishable by more than one year of incarceration.

9. Therefore, I am aware that BROWN is prohibited from possessing a firearm and/or ammunition that moved in interstate commerce, under 18 U.S.C. § 922(g)(1).

10. Additionally, BROWN had multiple active warrants for his arrest, from the Duquesne Police Department (Possession of a Controlled Substance), Ross Township Police Department (Flight to Avoid Apprehension and Recklessly Endangering Another Person), and Pittsburgh Bureau of Police (Possession of a Firearm Prohibited and Carrying a Firearm Without a License).

11.     On February 1, 2024, investigators executed the search warrant at the TARGET RESIDENCE shortly after 6:00 AM.  After announcements were made, Christian MULHOLLAND exited the TARGET RESIDENCE first.  Shortly thereafter, BROWN exited and surrendered.  At the time, it was approximately 35 degrees out, and BROWN exited the residence wearing nothing but spandex long underwear and an undershirt.  BROWN was asked if he wanted warmer clothes and shoes, and he indicated he did.  BROWN was instructed to direct law enforcement to his bedroom and identify his clothing so he could be provided with warmer clothing.

12.     BROWN led investigators into the TARGET RESIDENCE, and then to the righthand bedroom.  It is worth noting that the TARGET RESIDENCE was a 2-bedroom residence, with one bedroom (BROWN's) on the right side of a hallway, and the other bedroom (MULHOLLAND's) on the left side of the hallway.  As described below, the search warrant was later executed; during the execution of the search warrant, indicia for MULHOLLAND was recovered from the lefthand bedroom, and he also made statements that indicated to investigators that the lefthand bedroom was his.

13.     On the bed of the righthand bedroom, to which BROWN led investigators, was a gray hooded sweatshirt with a Glock pistol with an extended magazine sitting on top of it. BROWN indicated the sweatshirt was his.  When investigators observed that there was a gun on the sweatshirt BROWN had just denied was his, BROWN indicated he did not know anything about the gun.  BROWN was provided the clothing he requested, and transported to the Allegheny County Jail in connection with the multiple active warrants for his arrest.

14.     The search warrant was then executed.

15. Investigators recovered the Glock pistol from the bedroom BROWN indicated was his, and found it to be a Glock Model 30 Gen 4 .45 caliber semiautomatic pistol, bearing serial number BTFC441 ("the Glock"). The Glock was equipped with a 25-round magazine that was partially loaded. Additionally, there was a round in the chamber. Directly next to the Glock was a 13-round magazine that was at least partially loaded.

16. During this investigation, investigators monitored publicly viewable portions of BROWN's Instagram Account ("shooterpooh"). On January 11, 2024, BROWN posted a video of himself in the same bedroom in which the Glock firearm was recovered, with what appears to be a black pistol (consistent with the Glock) on the floor behind him. Below are a series of still images from that video, with the pistol circled in red:



17. On January 29, 2024, BROWN posted another video of himself brandishing a Glock-style pistol with an extended magazine, consistent with the firearm recovered from his bedroom in the TARGET RESIDENCE on February 1, 2024. Still images of that video are below:



18.     I have consulted with another ATF Special Agent who has received specialized training in interstate nexus determinations for firearms and ammunition.  That agent confirmed that the Glock was manufactured outside of the Commonwealth of Pennsylvania.

19.     Therefore, there is probable cause to believe that BROWN violated 18 U.S.C. § 922(g)(1).

The above information is true and correct to the best of my knowledge, information, and belief.

                                                Respectfully submitted,

                                                */s/ Ryan P. O'Sullivan*
                                                RYAN P. O'SULLIVAN
                                                Special Agent
                                                Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed before me, by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A) this 1st day of February, 2024

_____
THE HONORABLE PATRICIA L. DODGE
United States Magistrate Judge